NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL RAMSEY,

           Petitioner,

v.

THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY, et al.,

           Respondents.

Civil Action No. 19-1978 (MAS)

OPINION

### SHIPP, District Judge

Michael Ramsey ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, brought a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") challenging his conviction for murder and possession of a weapon for an unlawful purpose. (Pet., ECF No. 1.) Presently before this Court is Petitioner's motion for a stay. (Mot., ECF No. 8.) Respondents oppose the motion. (Resp't Opp'n, ECF No. 9.)[1] For the reasons set forth below, the motion for a stay is denied.

### I. BACKGROUND

The Court recites only the facts necessary to decide the instant motion. Petitioner was convicted by a jury of murder and second-degree possession of a handgun for an unlawful purpose. *See State v. Ramsey*, A-2635-14T1, 2016 WL 3408407, at *1 (N.J. Super. Ct. App. Div. June 22, 2016). On April 4, 2011, he filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court, Law Division. *See id.* Initially, oral argument was scheduled before the Honorable

---

[1] Although Respondents' opposition was filed as a counter motion, it is more appropriately characterized as an opposition brief rather than a separate motion.

John Pursel, J.S.C. (Tr. of PCR Hearing, Feb. 13, 2013, ECF No. 15-19 at 1.) An evidentiary hearing on the petition was subsequently held before the Honorable Julie M. Marino, J.S.C. (Tr. of PCR Hearing, July 15, 2014, ECF No. 15-20 at 1.) A little over two months later, a decision on the petition was issued by the Honorable Paul W. Armstrong, J.S.C. (Order, Sept. 26, 2014, ECF No. 15-37.) On appeal from the PCR court's denial, the New Jersey Superior Court, Appellate Division, held that a judge who had not overseen the PCR evidentiary hearing could issue a decision on the petition "so long as the deciding judge 'make[s] specific fact findings as required by *Rule* 1:7-4(a) and state[s] his or her conclusions of law.'" *Ramsey*, 2016 WL 3408407, at *3 (quoting *State v. Thompson*, 963 A.2d 884, 890 (N.J. Super. Ct. App. Div. 2009)) (alterations in original). The Appellate Division found, however, that Judge Armstrong had issued his decision "on an incomplete record" and remanded the case back to the Law Division in order for the court "to make the required factual findings based on the entire record." *Id*.

On remand, the Honorable Robert A. Ballard, Jr., J.S.C. issued an opinion again denying the PCR petition. (Op. and Order, Dec. 22, 2016, ECF No. 15-42.) On appeal, the Appellate Division found that Judge Ballard had "canvassed the record developed at the two day evidentiary hearing conducted by a prior judge" and that Judge Ballard had "rendered a comprehensive and thoughtful written opinion[.]" *State v. Ramsey*, A-3130-16T2, 2018 WL 1630265, at *1 (N.J. Super. Ct. App. Div. Apr. 5, 2018). The New Jersey Supreme Court denied Petitioner's request for certification. *See State v. Ramsey*, 195 A.3d 528 (N.J. 2018).

On December 26, 2018, Petitioner submitted a § 2254 habeas petition before this Court raising the following grounds for relief:

> Ground One: Defendant was misinformed by the trial court, prosecutor and defense counsel of the mandatory period of parole ineligibility for a life sentence and as a result, rejected a plea offer.

2

> Ground Two: Trial counsel was ineffective for failing to file any pre-trial identification motions when witness identified.
>
> Ground Three: Trial counsel was ineffective for failing to object to state's error when they introduced a misleading photograph during trial of defendant from another prior arrest to resemble clothing of description given in this crime.
>
> Ground Four: The need for lesser-included-offense instruction on aggravated manslaughter was clearly indicated by the record.

(Pet., ECF No. 1 at 6-12.)

On August 27, 2019, Petitioner filed the instant motion for leave to file a stay and abeyance. (Mot., ECF No. 8.) Plaintiff argues that, when deciding his second PCR appeal, the Appellate Division did not follow the appropriate standard of review set forth by the New Jersey Supreme Court in *State v. Pierre*, 127 A.3d 1260, 1270 (N.J. 2015). (*Id.* at 9.) Petitioner contends that he only recently discovered this deficiency while reviewing his file with the prison paralegal. (*Id.*) He now seeks to return to state court so that he may file a motion for reconsideration before the New Jersey Supreme Court. (*Id.*)

On September 23, 2019, Respondents submitted their opposition to Petitioner's motion, which they filed as a counter motion. (Resp't Opp'n, ECF No. 9.) Respondents contend that it is unclear what claim Petitioner is seeking to exhaust and that the majority of Petitioner's motion only "rehashes" previously litigated arguments. (*Id.* at 7.) Accordingly, Respondents assert that Petitioner should not be "allowed to advance meritless claims or intentionally delay proceedings." (*Id.* at 10.)

## II. ANALYSIS

A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. *See* 28 U.S.C. § 2254(b)(1). In "limited circumstances," a court may grant a petitioner a protective

stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

Here, the claim Petitioner seeks leave to exhaust appears to be that the Appellate Division failed to "enforce the state Supreme Court ruling in *Pierre*." (Mot., ECF No. 8-1 at 9.) In *Pierre*, the New Jersey Supreme Court held that an appellate court must defer to a "PCR court's factual findings based on live testimony[.]" *Pierre*, 127 A.3d at 1270. Petitioner appears to argue that the Appellate Division in his case should not have relied upon Judge Ballard's factual findings because Judge Ballard did not preside over his evidentiary hearing. (Pet'r's Br. in Supp., ECF No. 8-1 at 8.) Such a claim, however, rests solely on matters of state law and does not raise an issue of constitutional dimension. *See Bradley v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law [. . .] binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, it would not be a cognizable claim for review by this Court.

Moreover, even if Petitioner's claim could be construed as raising a constitutional violation, it does not appear that it is potentially meritorious. There is no indication that the New Jersey Appellate Division failed to comply with *Pierre* since the decision in *Pierre* did not mandate

4

that the judge who presides over an evidentiary hearing must be the same judge who issues a decision on the petition.[2] *See generally Pierre*, 127 A.3d 1260. Rather, *Pierre* held that a PCR court's factual findings based upon live testimony would be deferred to as long as there was "*sufficient credible evidence in the record*" to support those findings. *Pierre*, 127 A.3d at 1270 (emphasis added); *see also State v. R.S.*, A-1076-17T4, 2019 WL 190908, at *3 (N.J. Super. Ct. App. Div. Jan. 15, 2019). Thus, a PCR court's factual findings are not given deference by the Appellate Division if they are not supported by the record. *See State v. Nunez-Valdez*, 975 A.2d 418, 425 (N.J. 2009). In Petitioner's case, the Appellate Division, on appeal of Petitioner's second PCR petition, found that there was indeed sufficient evidence contained within the record to support the decision issued by Judge Ballard. *See Ramsey*, 2018 WL 1630265, at *1 ("In compliance with our instructions, Judge Robert A. Ballard, Jr. canvassed the record developed at the two-day evidentiary hearing conducted by a prior judge [. . .] We affirm."). Given the Appellate Division's explicit statement that Judge Ballard had adequately reviewed the record, the Appellate Division's ruling was not inconsistent with *Pierre*. Therefore, even if Petitioner's claim were to rise to the level of a constitutional violation, it is without merit.

Finally, in explaining why good cause exists to allow him to return to state court, Petitioner states that his PCR counsel on remand and his appellate PCR counsel had an obligation to alert the state courts to the ruling in *Pierre*. (Pet'r's Br. in Supp., ECF No. 8-1 at 11-12.) To the extent Petitioner may be trying to raise an ineffective assistance of counsel claim against his PCR counsel and his appellate PCR counsel, those claims are also without merit. Generally, "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings."

---

[2] Indeed, in its opinion on Petitioner's first PCR appeal, the Appellate Division expressly stated that there was "no issue with the second judge rendering an opinion[.]" *Ramsey*, 2016 WL 3408407, at *3.

5

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also* 28 U.S.C. § 2254(i). The limited exception to this rule is set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Here, since Petitioner's claims do not fall within the limited exception outlined by *Martinez*, he is not entitled to habeas review of alleged ineffective assistance of PCR or appellate PCR counsel. Accordingly, Petitioner's motion for a stay is denied.

### III. CONCLUSION

For the reasons set forth above, Petitioner's motion for a stay is denied. An appropriate Order follows.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 30th, 2020