<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL RAMSEY, | |
| Petitioner, | Civil Action No. 19-1978 (MAS) |
| v. | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

<u>**SHIPP, District Judge**</u>

Petitioner Michael Ramsey, a state prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding pro se with a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner previously filed a Motion for Leave to File a Stay and Abeyance ("Motion for a Stay"), which this Court denied on March 31, 2020. (Mot. for a Stay, ECF No. 8; Ct. Op. Den. Mot. for a Stay, ECF No. 16; Ct. Order Den. Mot. for a Stay, ECF No. 17.) Presently before the Court is Petitioner's Motion for Reconsideration of the Court's denial of his request for a stay. (Mot. for Reconsideration, ECF No. 18.) For the reasons set forth below, Petitioner's Motion for Reconsideration is denied.

**I.   BACKGROUND**

The Court reiterates the following pertinent background from its opinion denying Petitioner's Motion for a Stay:

> Petitioner was convicted by a jury of murder and second-degree possession of a handgun for an unlawful purpose. *See State v. Ramsey*, A-2635-14T1, 2016 WL 3408407, at *1 (N.J. Super. Ct. App. Div. June 22, 2016). On April 4, 2011, he filed a petition for

post-conviction relief ("PCR") with the New Jersey Superior Court, Law Division. *See id.* Initially, oral argument was scheduled before the Honorable John Pursel, J.S.C. (Tr. of PCR Hearing, Feb. 13, 2013, ECF No. 15-19 at 1.) An evidentiary hearing on the petition was subsequently held before the Honorable Julie M. Marino, J.S.C. (Tr. of PCR Hearing, July 15, 2014, ECF No. 15-20 at 1.) A little over two months later, a decision on the petition was issued by the Honorable Paul W. Armstrong, J.S.C. (Order, Sept. 26, 2014, ECF No. 15-37.) On appeal from the PCR court's denial, the New Jersey Superior Court, Appellate Division, held that a judge who had not overseen the PCR evidentiary hearing could issue a decision on the petition "so long as the deciding judge 'make[s] specific fact findings as required by *Rule* 1:7-4(a) and state[s] his or her conclusions of law.'" *Ramsey*, 2016 WL 3408407, at *3 (quoting *State v. Thompson*, 963 A.2d 884, 890 (N.J. Super. Ct. App. Div. 2009)) (alterations in original). The Appellate Division found, however, that Judge Armstrong had issued his decision "on an incomplete record" and remanded the case back to the Law Division in order for the court "to make the required factual findings based on the entire record." *Id.*

On remand, the Honorable Robert A. Ballard, Jr., J.S.C. issued an opinion again denying the PCR petition. (Op. and Order, Dec. 22, 2016, ECF No. 15-42.) On appeal, the Appellate Division found that Judge Ballard had "canvassed the record developed at the two day evidentiary hearing conducted by a prior judge" and that Judge Ballard had "rendered a comprehensive and thoughtful written opinion[.]" *State v. Ramsey*, A-3130-16T2, 2018 WL 1630265, at *1 (N.J. Super. Ct. App. Div. Apr. 5, 2018). The New Jersey Supreme Court denied Petitioner's request for certification. *See State v. Ramsey*, 195 A.3d 528 (N.J. 2018).

On December 26, 2018, Petitioner submitted a § 2254 habeas petition before this Court raising the following grounds for relief:

> Ground One: Defendant was misinformed by the trial court, prosecutor and defense counsel of the mandatory period of parole ineligibility for a life sentence and as a result, rejected a plea offer.
>
> Ground Two: Trial counsel was ineffective for failing to file any pre-trial identification motions when witness identified.
>
> Ground Three: Trial counsel was ineffective for failing to object to state's error when they introduced

2

> a misleading photograph during trial of defendant from another prior arrest to resemble clothing of description given in this crime.
>
> Ground Four: The need for lesser-included-offense instruction on aggravated manslaughter was clearly indicated by the record.

(Ct. Op. Den. Mot. for a Stay 1–3.)

In August 2019, Petitioner filed a Motion for a Stay. (Mot. for a Stay, ECF No. 8.) He sought leave to exhaust a claim that the Appellate Division, in deciding his PCR appeal, did not follow the appropriate standard of review as set forth in *State v. Pierre*, 127 A.3d 1260 (N.J. 2015). (Br. in Supp. of Pet'r's Mot. for a Stay 9[1], ECF No. 8-1.) In *Pierre*, the New Jersey Supreme Court held that an appellate court must apply a deferential standard to a "PCR court's factual findings based on live testimony[.]" *Pierre*, 127 A.3d at 1270. The crux of the Petitioner's claim was that the Appellate Division should not have given deference to Judge Ballard's factual findings because Judge Ballard did not preside over the PCR's evidentiary hearing. (Br. in Supp. of Pet'r's Mot. for a Stay 8.) Respondents opposed the motion. (Resp't's Opp'n to Pet'r's Mot. for a Stay, ECF No. 9.)

On March 31, 2020, this Court denied Petitioner's Motion for a Stay. (Ct. Op. Den. Mot. for a Stay 3–6; Ct. Order Den. Mot. for a Stay 1.) The Court determined that Petitioner's unexhausted claim was a matter that rested solely on state law and did not raise an issue of constitutional dimension. (Ct. Op. Den. Mot. for a Stay 4.) The Court further found that even if the claim could be construed as alleging a constitutional violation, it was still without merit. (*Id.*) Over 30 days later, on May 7, 2020, Petitioner filed the instant Motion for Reconsideration. (Pet'r's Certificate of Service 2, ECF No. 18-4.) Respondents did not file opposition.

---

[1] Page numbers refer to those located on the ECF header.

## II.     LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). To succeed on a motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling[.]" *ABS Brokerage Servs., LLC*, 2010 WL 3257992, at *6. A moving party's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *Id.* (*citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)) (internal quotation marks omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were

overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)). "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civ. No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

### III.   ANALYSIS

#### A. Timeliness

As a threshold matter, the Court addresses the timeliness of Petitioner's Motion for Reconsideration. Generally, a motion for reconsideration must be filed "within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). "In deference to a litigant's pro se status, however, the Court may relax this strict deadline to prevent surprise or injustice." *Armstrong v. Grondolsky*, Civ. No. 08-0569, 2008 WL 7826045, at *2 (D.N.J. June 12, 2008), *aff'd*, 341 F. App'x 828 (3d Cir. 2009).

Here, the Court's Order denying Petitioner's Motion for a Stay was entered on March 31, 2020. (Ct. Order Den. Mot. for a Stay 1.) However, Petitioner did not submit his Motion for Reconsideration until May 7, 2020, over 30 days later. (Pet'r's Certificate of Service 2.) Thus, Petitioner's Motion was untimely. Acknowledging this fact, Petitioner asks the Court to accept his Motion out-of-time. (Certification 2, ECF No. 18-2.) He asserts that the COVID-19 pandemic limited his access to the prison law library and prevented his ability to timely file his Motion. (*Id.*) Considering Petitioner's pro se status and his limited access to the law library, the Court will exercise its discretion and consider the out-of-time motion. *See Martin v. Keitel*, Civ. No. 06-5798, 2007 WL 1175736, at *1 (D.N.J. Apr. 18, 2007) (accepting out-of-time motion for reconsideration as filed within time where plaintiff was proceeding pro se and had restricted access to a law library).

### B. "Second" PCR

Petitioner argues that the Court denied his Motion for a Stay, in part, based on the incorrect belief that the state court denied his "second" PCR. (Br. in Supp. of Pet'r's Mot. for Reconsideration 4–5[2], ECF No. 18-1.) Petitioner asserts that he never filed a "second" PCR, however, and requests that the matter be reconsidered on that ground. (*Id.* at 4.)

In the Court's opinion denying Petitioner's Motion for a Stay, the Court did reference a "second PCR" and "second PCR appeal." (Ct. Op. Den. Mot. for a Stay 3, 5.) However, these terms were used by the Court to refer to Petitioner's PCR after it was remanded by the Appellate Division. The term "second" did not to refer to a separately filed, successive PCR. Rather, it was used to distinguish between Petitioner's initial PCR proceedings and the PCR proceedings that occurred after the Appellate Division remanded the matter in 2016. Thus, when the Court decided Petitioner's Motion for a Stay, it did not do so on the belief that there were two separate PCRs. There is thus no need to correct an error of fact because none occurred. *Quinteros*, 176 F.3d at 677 (stating that a motion for reconsideration may be granted where there is a need to correct a clear error of law or fact). Petitioner's Motion for Reconsideration based on this ground is denied.

### C. Judge Ballard's Written Opinion

Petitioner next attempts to relitigate whether Judge Ballard's factual findings in deciding Petitioner's PCR should have been afforded deference. (Br. in Supp. of Pet'r's Mot. for Reconsideration 5–9.) In Petitioner's Motion for a Stay he argued that the Appellate Division did not comply with *Pierre* and should not have relied on Judge Ballard's factual findings since he did not preside over the PCR's evidentiary hearing. (Br. in Supp. of Pet'r's Mot. for a Stay 6–8[3].) In denying Petitioner's Motion for a Stay, this Court found that not only did Petitioner's claim not

---

[2] Page numbers refer to those that appear on the ECF header.
[3] Page numbers refer to those that appear on the ECF header.

raise a federal constitutional claim, but it was also not potentially meritorious. (Ct. Op. Den. Mot. for a Stay 4–5.) The Court found there was no indication that the Appellate Division failed to comply with *Pierre*, as *Pierre* did not require that the judge who presided over a PCR evidentiary hearing must be the same judge who issued a decision on the PCR petition. (*Id.*) As the Court explained, *Pierre* held that factual findings issued by a PCR court are afforded deference so long as there is "sufficient credible evidence in the record" to support those findings. *Pierre*, 127 A.3d at 1270; *State v. Nunez-Valdez*, 975 A.2d 418, 425 (N.J. 2009) (stating that a PCR court's factual findings would not be given deference by the Appellate Division if they were not supported by the record). In Petitioner's case, the Appellate Division found there was indeed sufficient evidence to support the findings in Judge Ballard's opinion and therefore, those findings were given the appropriate deference. *See Ramsey*, 2018 WL 1630265, at *1.

In the instant Motion, while Petitioner agrees that the Court "correctly noted" there is no requirement that a judge issuing a decision in a PCR must also preside over the PCR's evidentiary hearing, he states that "this may very well be the sort of case that causes the lower court to revisit that issue." (Br. in Supp. of Pet'r's Mot. for Reconsideration 7–8.) Petitioner submits that the New Jersey Supreme Court did not have the opportunity to review the issue of whether Judge Ballard's findings should have been granted deference because PCR appellate counsel did not raise it. (*Id.* at 8.) Thus, Petitioner argues again that remand is required so that he may petition the New Jersey Supreme Court to consider his claim. (*Id.*)

This is an attempt by Petitioner to re-litigate a claim that this Court has already decided. Petitioner does not set forth any errors of law or fact that the Court allegedly overlooked in rendering its prior decision. Rather, his argument amounts to mere disagreement with the Court's prior decision, which is not a proper basis for a court to grant a motion for reconsideration.

7

*Claycomb v. Playtex*, 363 F. App'x 152, 153 (3d Cir. 2010) (citing *Quinteros*, 176 F.3d at 678). Petitioner agreed that there was no mandate that the judge issuing a decision on a PCR petition must be the same judge who presided over the PCR's evidentiary hearing, but maintains that a judge's cold reading of the evidentiary hearing is a pale substitute for assessment of the credibility of a witness observed firsthand. (Br. in Supp. of Pet'r's Mot. for Reconsideration 7, 9.)Yet absent any dispositive factual matter or controlling decisions of law that were overlooked by the Court in its prior opinion, Petitioner has not met the standard required on a motion for reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. As a result, Petitioner's Motion for Reconsideration based on this ground is denied.

### D. PCR Court's Ruling Regarding *State v. Taccetta*

Finally, Petitioner argues that the PCR court incorrectly held that, in light of the New Jersey Supreme Court's decision in *State v. Taccetta*, 975 A.2d 928 (N.J. 2009), he did not receive ineffective assistance of counsel. (Br. in Supp. of Pet'r's Mot. for Reconsideration 9–10.) This is the first time Petitioner has raised this argument and it is unclear how it relates to his Motion for Reconsideration. (*See generally* Mot. for a Stay.) A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612–13. Since this argument could have been raised in Petitioner's Motion for a Stay, but was not, Petitioner cannot raise it for the first time now. Accordingly, Petitioner's Motion for Reconsideration is denied on this ground as well.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion for Reconsideration (ECF No. 18) is denied. An appropriate Order follows.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**